UNITED STATES COURT OF INTERNATIONAL TRADE

---

| | |
|---|---|
| **CABINETWORKS GROUP MIDDLEFIELD,** formerly known as MASCO CABINETRY MIDDLEFIELD, LLC., <br><br> Plaintiff, <br><br> v. <br><br> **UNITED STATES OF AMERICA,** <br><br> Defendant. | Court No. 21-00499 |

---

## COMPLAINT

Plaintiff Cabinetworks Group Middlefield, LLC., formerly known as Masco Cabinetry Middlefield, LLC ("Cabinetworks"), by its undersigned counsel for its Complaint in this matter, does hereby state and allege as follows:

### CAUSE OF ACTION

1. Plaintiff commenced this action to challenge the denial of its protest against the reliquidation and assessment of antidumping duties ("ADD") at the China-wide rate of 114.72% *ad valorem* on certain entries of plywood. For the reasons set forth herein, plaintiff asserts that these assessments, made by United States Customs and Border Protection ("CBP"), were contrary to the Final Determination of the Department of Commerce in its Less than Fair Value Investigation of Certain Hardwood Plywood Products from China.

### THE SUBJECT ENTRIES AND PROTESTS

2. This action challenges CBP's November 20, 2020, reliquidation of eight entries, Entry Nos. 23131435039; 23131444288; 23131451911; 23131460680; 23131461159; 23131472669; 23131480027; and 23131484557 (Collectively "The Entries").

1

3.   (collectively "The Entries").

3.  Protest No. 130320102813 challenging the reliquidation of The Entries was timely filed on December 17, 2020, and was thereafter denied on March 11, 2021.

## JURISDICTION AND STANDING

4.  This action arises under 19 U.S.C. § 1514(a)(2), as amended, to contest CBP's determination of the rate and amount of duties chargeable upon liquidation of certain entries of plywood.

5.  This Court possesses exclusive jurisdiction over this action under 28 U.S.C. § 1581(a), as amended, because the action was commenced to contest the denial of a protest under Section 515 of the Tariff Act of 1930.

6.  In accordance with 28 U.S.C. § 2636(a), this action was timely commenced within 180 days after plaintiff's protest was denied by CBP.

7.  Cabinetworks has standing to bring this action pursuant to 28 U.S.C. § 2631(a) because it is the importer of the subject merchandise and the party whose protest filed under 19 U.S.C. § 1514 against the liquidation of The Entries was denied by Customs

8.  All liquidated duties, taxes, and fees were paid prior to the commencement of this action.

## PARTIES

9.  Plaintiff Cabinetworks is part of Cabinetworks Group Michigan, LLC, which is part of ACProducts, Inc. dba Cabinetworks Group.  The Cabinetworks Group was formerly known as Masco Cabinetry Middlefield, LLC., which is the importer of record of the merchandise subject to this case.

10. The United States is the federal defendant.  The unlawful assessment was made by its agency, CBP, a component of the U.S. Department of Homeland Security ("DHS"), and was made in contradiction to the instructions of the U.S. Department of Commerce (the "Department" or "Commerce"), International Trade Administration ("ITA"), in the liquidation of plaintiff's entries

of plywood from China.

**STATEMENT OF FACTS**

11. Cabinetworks imports certain materials in support of its manufacturing operations in the United States. Amongst the materials imported by Cabinetworks is plywood, which is the subject of this case.

12. The plywood at issue was exported by Zhejiang Dehua TB Import and Export Co., Ltd. ("TB Import and Export") and manufactured by Dehua TB New Decorations Material Co. Ltd. ("TB New Decorations").

13. At all times relevant to this action, plywood with the specific manufacturer/exporter combination TB New Decorations and TB Import and Export was subject to antidumping duties ("ADD") at a rate of 57.07 percent per Case No. A570-051-436.

14. Cabinetworks declared the merchandise to be subject to Case No. A570-051-436 and deposited the requisite ADD.

15. On April 13, 2020, CBP issued a Customs Form 28 "Request for Information" ("CF-28") to Cabinetworks requesting a copy of "the commercial invoice and bill of lading (or air waybill) for entry [no. 23131484557]."

16. On November 17, 2020, CBP issued a Customs Form 29 "Notice Of Action" ("CF-29") informing Cabinetworks that the entries subject to this case would be rate advanced because, "[a]s provided by the invoice, shipping documents and blanket statement of non-reimbursement ... the manufacturer of this entry, (Dehua TB Import & Export CO LTD) is not the same as provided for under case A-570-051-436 (Manufacturer: Dehua TB New Decorations Material Co., LTD/Exporter: Zhejiang Dehua TB Import and Export Co., Ltd.)."

17. The CF-29 also informed Cabinetworks that it could file a protest and "provide documents or additional information which substantiate the company combination for case A-570-051-436."

18. On November 20, 2020, CBP erroneously reliquidated each of the eight entries at issue with an increase in ADD from the specific rate declared at the time of entry to the China-wide rate in accordance with the CF-29.

19. On December 17, 2020, Cabinetworks timely contested the reliquidations by filing Protest No. 130320102813 via CBP's ACE Electronic Protest Module.

20. On March 11, 2021, CBP denied Cabinetwork's protest because the agency found that the documentation did not support the "MFR/EXP combination for case A570-051-436."

21. Cabinetworks requested that CBP reopen the protest and consider further documentary evidence. CBP declined, and Cabinetworks filed the instant matter in the Court of International Trade ("CIT").

## COUNT I

22. Paragraphs 1 through 21 are incorporated by reference and restated as though fully set out herein.

23. CBP wrongfully denied Plaintiff's protests in violation of 19 U.S.C. § 1514(a), because the ports reliquidated the entries at the China-wide rate of 114.72 percent ADD instead of liquidating the entries under the specific assessment calculated by Commerce for Case No. A-570-051-436 in accordance with instructions issued by Commerce.

24. CBP therefore exceeded its solely ministerial duties by failing to follow Commerce's instructions to liquidate Plaintiff's protested entries under Case No. A-570-051-436 at the assessment rate calculated by Commerce. CBP's actions were not merely "ministerial," but instead were substantive and "active decisions" that are protestable. *See e.g. LDA Incorporado v. United States*, 978 F. Supp. 2d 1359, 1368 (Ct. Int'l Trade 2014). CBP's disregard of Commerce's instructions is properly protestable, and Cabinetworks is legally entitled to reimbursement of the ADD unlawfully assessed by CBP.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court grant judgment in its favor, directing the Port Director of CBP at the Port of Entry to reliquidate the subject entries in accordance with the rates assessed under Case No. A-570-051-436, and to refund to Plaintiff excessive monies assessed, together with any interest as provided by law; and providing Plaintiff with such further and additional relief as this Court may deem just.

Respectfully Submitted,

By: _____

Jason M. Kenner
William F. Marshall

**SANDLER TRAVIS & ROSENBERG, P.A.**
286 Madison Ave.
Suite 502
New York, NY 10017
Tel: (212) 549-0138

*Counsel to Cabinetworks*

August 29, 2025