UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HON. JANE A. RESTANI, JUDGE

CABINETWORKS GROUP
MIDDLEFIELD, LLC,

                  Plaintiff,

     v.

UNITED STATES,

                 Defendant.

Court No. 21-00499

## ORDER

On consideration of defendant's Consent Motion for an Extension of Time; upon other papers and proceedings had herein; and upon due deliberation, it is hereby

ORDERED that defendant's Consent Motion for an Extension of Time is granted; and it is further

ORDERED that defendant shall file its Answer or other responsive pleading on or before December 9, 2025.

**SO ORDERED**.

                                 _____
                                      Jane A. Restani, Judge

Dated: _____
      New York, New York

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: THE HON. JANE A. RESTANI, JUDGE

CABINETWORKS GROUP
MIDDLEFIELD, LLC,

                  Plaintiff,                  Court No. 21-00499

     v.

UNITED STATES,

                  Defendant.

## CONSENT MOTION FOR AN EXTENSION OF TIME
## TO FILE RESPONSE TO COMPLAINT

Pursuant to Rules 1, 6, 7, and 16 of the Rules of the United States Court of International Trade (USCIT), defendant, the United States (the Government), respectfully requests that the Court extend the time by approximately fourteen (14) days for the Government to file a response to plaintiff's Complaint. The Government's response is currently due on or before November 25, 2025. *See* ECF No. 22. The requested modification would extend this deadline through and including December 9, 2025.

When a motion is made prior to a filing deadline, the Court may, for good cause, extend the time within which a party must act. USCIT Rule 6(b)(1)(A). Good cause requires the moving party to show that the deadline for which an extension is sought cannot reasonably be met despite the movant's diligent efforts to comply with the schedule. *See High Point Design LLC v. Buyers Direct, Inc.*, 730 F.3d 1301, 1319 (Fed. Cir. 2013) (discussing "good cause" in the context of Federal Rule of Civil Procedure 16(b)); *United States v. Horizon Prods. Int'l, Inc.*, 34 F. Supp. 3d 1365, 1367 (Ct. Int'l Trade 2014) (explaining that diligence is the "primary consideration" under the general good cause standard applicable to USCIT Rules 6(b) and

16(b)).

Good cause exists for granting our request for an extension.  Undersigned counsel was recently reassigned to this matter and returned to full-time status from furlough on November 13, 2025.  The previous counsel for the Government left employment with the Department of Justice on October 31, 2025.  Although previous counsel for the Government had been diligently working to prepare a response, additional time is needed for new undersigned counsel to familiarize himself with the issues raised in plaintiff's Complaint, coordinate a response with agency counsel, and confirm the Government's position in its response to the Complaint. Moreover, counsel for the Government has been reassigned several matters from two attorneys who have left employment with the Department, which contributes to this request.  The additional time is also requested to provide sufficient time for internal review by the Department of Justice and the agency prior to filing the response with the Court.

On November 20, 2025, counsel for plaintiff, William Marshall, Esq., of Sandler, Travis & Rosenberg, PA, consented to the relief requested in this motion.

WHEREFORE, defendant respectfully requests that its motion be granted.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

PATRICIA M. MCCARTHY
Director

By:     /s/ Justin R. Miller
JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

/s/ Mathias Rabinovitch
MATHIAS RABINOVITCH
Trial Attorney

Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza, Suite 346
New York, New York 10278
(212) 264-0484
*Attorneys for Defendant*

Dated: November 20, 2025